UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

JEREMY EACHES, *et al.*,
    Defendants.

Case No. 1:17-cv-757

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

    Plaintiff, an inmate at the Toledo Correctional Institution, brings this pro se prisoner civil rights action pursuant to 42 U.S.C. § 1983. On November 22, 2017, the undersigned issued a Report and Recommendation that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be denied on the ground that plaintiff has sufficient funds to pay the filing fee in this action. (*See* Doc. 2). On December 6, 2017, plaintiff filed a motion to withdraw his motion for leave to proceed *in forma pauperis.* (Doc. 4). On December 11, 2017, plaintiff paid the full filing fee. (Doc. 5).

    Plaintiff's motion to withdraw his motion for leave to proceed *in forma pauperis* (Doc. 4) is hereby **GRANTED**. The Court's November 22, 2017 Report and Recommendation is **WITHDRAWN**. (Doc. 2).

    This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In the complaint, plaintiff alleges that a "concert of harassment" began on February 11, 2017, while he was an inmate at the Southern Ohio Correctional Facility (SOCF). (Doc. 1-2, Complaint at PageID 23). Plaintiff claims that at 6:35 A.M., defendant John Doe 1 patted him

down and took salt and paper packets, garlic, and a plastic spoon from him. Although plaintiff claims that he had never had an officer place his hands in his pants during a pat down, he claims John Doe 1 placed his index fingers in his waist band and rotated them "all the way to [his] backside." (*Id.* at PageID 24). Plaintiff further claims that John Doe 1 stood very close behind him, threw the condiments on the floor, and stated "bend over and pick it up" to him in the course of the search. (*Id.*). Plaintiff claims that at approximately 6:50 A.M. he was again stopped by John Doe 1 and John Doe 2 (the "metal detector crew"), placed on the wall, and strip searched.

Upon returning to his cell, plaintiff claims he heard defendant C/O Robertson throwing his property around. Plaintiff inquired why he was throwing his property around, to which Robertson allegedly stated "Next time I'll find heroin!" and "I should keep my mouth shut at metal detector!" (*Id.* at PageID 25). According to plaintiff, he "saw unspeakable damage to [his] property." (*Id.*).

Plaintiff claims that after requesting a supervisor to report the damage to his property, he was attacked by defendants Robertson, Cooper, Fri, Chinn, and Lt. Eaches. (*Id.* at PageID 25–26). Plaintiff alleges that during the attack Eaches and Chinn threatened to kill him and used racial slurs against him. During the attack plaintiff claims he was punched and kicked in the head, face, and back approximately forty times and sprayed in the face at point-blank range with pepper spray. According to plaintiff, he lost consciousness, before Eaches and Fri woke him up and "tried to instruct me not to make a big deal of this; or they would kill me now." (*Id.* at PageID 28). Plaintiff claims that Eaches repeatedly encouraged him not so say anything about his injuries.

Plaintiff claims that defendant Jane Doe 1 Nurse-SOCF instructed Eaches that plaintiff

2

would need to go to the emergency room following the incident. Plaintiff was permitted to clean up, was photographed by Eaches, and transported to the Pike Medical Center Emergency Room. According to plaintiff, defendants John Does 2 and 3 told Jane Doe 2 Nurse that he had assaulted Robertson, which plaintiff denied. Plaintiff requested to call the police based on the incident. Plaintiff states that he had a CT scan, received five or six stitches in his face, and was placed on observation due to the amount of swelling.

Next, plaintiff alleges that he was interviewed by defendant Captain Bell on March 13, 2017. (*Id.* at PageID 29). Plaintiff alleges that Bell falsely concluded that plaintiff punched or spit on Robertson. Plaintiff further alleges that Bell wrote a fraudulent conduct report against him on the allegation that plaintiff lied about incident.

Based on the above factual allegations, plaintiff brings several causes of action. First, plaintiff claims that defendants Robertson, Cooper, Fri, Chinn, and Eaches violated his Eighth Amendment rights by using excessive force against him. Second, plaintiff claims that Bell "exhibited deliberate indifference and conspirital (sic) acts and/or Institutional Misconduct" based on his allegedly biased investigation of the attack and writing false fraudulent conduct reports against him. (*Id.* at PageID 33). Third, plaintiff claims defendants C/O John Does "either did excessive force, deliberate indifference, or sexual assault." (*Id.* at PageID 33–34). Finally, plaintiff alleges that Jane Doe nurses and/or doctors were deliberately indifferent to his medical needs.

For relief, plaintiff seeks a declaratory judgment and monetary damages. (*Id.* at PageID 34).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment claims

against defendants Robertson, Cooper, Fri, Chinn, and Eaches. Plaintiff may also proceed with his Fourth Amendment claims against defendants John Does 1 and 2. *See Stoudemire v. Mich. Dept. of Corrections,* 705 F.3d 560 (6th Cir. 2013). However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, the complaint should be dismissed as to defendants in their official capacities to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

To the extent that plaintiff may seek to hold defendants liable for the use of threats, racial slurs, or other insults he has failed to state a viable claim under § 1983, which requires a showing of a deprivation of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). Additionally, while prison officials should not use degrading or racist language when interacting with inmates, the use of such language does not rise to the level of a constitutional violation. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th Cir. Mar. 31, 2017). A prison official's use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude" and is insufficient to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey*, 832 F.2d at 954. *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004).

Plaintiff's claims alleging that Bell failed to conduct a satisfactory investigation of the incident and wrote a false conduct report against him should also be dismissed for failure to state a claim upon which relief may be granted. With respect to Bell's failure to conduct an investigation, plaintiff's claim should be dismissed because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2

5

(S.D. Ohio July 13, 2011). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

Plaintiff has also not stated a constitutional claim to the extent he has alleged that Bell wrote a false conduct report against him. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). However, plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts even remotely suggesting that the conduct report deprived him of a protected liberty interest.[1]

Finally, plaintiff's claims against the remaining John and Jane Doe defendants should be dismissed. First, plaintiff's allegation that John Doe 3 "told me to go into the shower where I was secured while my cell was searched" does not rise to the level of a constitutional violation. (Doc. 1-2, Complaint at PageID 24). Absent any other allegation of wrongdoing on the part of John Doe 3, plaintiff fails to state a claim upon which relief may be granted against this

---

[1] For the same reason, plaintiff's claim that John Doe 2 and 3 falsely alleged that plaintiff assaulted C/O Robertson (*see* Doc. 1-2, Complaint at PageID 29) fails to state a claim upon which relief may be granted.

6

defendant.

Plaintiff's claim that the Jane Doe Nurses and Doctors "did exhibit deliberate indifference," should also be dismissed. (*Id.* at PageID 34). Plaintiff's allegations against these defendants fail to plausibly suggest that defendants were deliberately indifferent to his medical needs. To the contrary, plaintiff alleges that Jane Doe 1 "immediately instructed Lt. Eaches that [plaintiff] would have to go to the outside hospital emergency room" following the incident. (*Id.* at PageID 28). Plaintiff further indicates that "Jane Doe nurse or Doctor" examined him, gave him a booster shot and pain pills, ordered a CT scan, and that Jane Doe Nurse-Doctor gave him five or six stitches. (*Id.* at PageID 29). Absent any other allegation suggesting these defendants violated plaintiff's rights,[2] the Jane Doe defendants should be dismissed as parties to this action.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment claims against defendants Robertson, Cooper, Fri, Chinn, and Eaches. Plaintiff may also proceed with his Fourth Amendment claims against defendants John Does 1 and 2. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Having found that plaintiff's remaining claims fail to state a claim upon which relief may be granted, these claims should be dismissed.

---

[2] Plaintiff's only other allegation against "Jane Doe Nurse" is that he requested that she call the police for him, which does not rise to the level of a constitutional violation. (*See id.* at PageID 29).

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment claims against defendants Robertson, Cooper, Fri, Chinn, and Eaches and his Fourth Amendment claims against defendants John Does 1 and 2. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to withdraw his motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**. The Court's November 22, 2017 Report and Recommendation is **WITHDRAWN**. (Doc. 2).

2. The United States Marshal shall serve a copy of the complaint, summons, and this Order and Report and Recommendation upon defendants Robertson, Cooper, Fri, Chinn, and Eaches as directed by plaintiff, with costs of service to be advanced by the United States.

Before service may be issued upon any remaining John Doe defendants, plaintiff must file a motion to issue service setting forth the identities of the unidentified defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed

to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 1/5/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

JEREMY EACHES, *et al.*,
    Defendants.

Case No. 1:17-cv-757

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).