# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KELVIN LOVETT,
  Plaintiff,

vs.

JEREMY EACHES, et al.,
  Defendants.

Case No. 1:17-cv-757
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution, brings this pro se action under 42 U.S.C. § 1983 alleging violations of his civil rights while he was incarcerated at the Southern Ohio Correctional Facility (SOCF). Plaintiff brings claims against C/O Robertson, Jeremy Eaches, C/O Fri, C/O Cooper, Sgt. J. Chinn and two John Doe defendants. This matter is before the Court on plaintiff's motion for default judgment against all defendants. (Doc. 11).

Plaintiff filed his motion for default judgment on February 23, 2018. Plaintiff asserts that the Court ordered the United States Marshal to serve defendants with the summons and complaint on January 5, 2018 (Doc. 6); service likely was perfected as of the date of his motion, which was 52 days after the Court's Order; and defendants Eaches, Fri, Cooper, Robertson and Chinn had not filed an answer or other defense as of the date plaintiff filed the motion. Plaintiff also alleges that he applied to the Court for an entry of default, and defendants have not taken any action in the case since that time.

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under Rule 55(b)(2).

Plaintiff is not entitled to default judgment against defendants under Rule 55. First,

plaintiff has not completed the first step under Rule 55(a) by obtaining an entry of default by the clerk. *See Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009) (before a party obtains a default judgment under Rule 55(b)(1) or (b)(2), there must be an entry of default by the clerk under Rule 55(a)) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)).

Further, plaintiff is not entitled to a default judgment because defendants have not failed to plead or otherwise defend this case. Summons were returned unexecuted as to defendant Robertson with a letter from the Ohio Department of Rehabilitation and Correction stating that Robertson was not currently an employee of SOCF. (Doc. 17). Robertson has not yet been served, and the time for him to file an answer or other response to the complaint has not started to run. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve his answer "within 21 days after being served with the summons and complaint"). Robertson therefore is not in default. Defendants Eaches, Fri, Cooper and Chinn were served with process on March 7, 2018. (Doc. 18). Counsel for these defendants entered an appearance on March 27, 2018 (Doc. 13), and defendants timely filed a motion for extension of time to answer or otherwise respond to the complaint the following day. (Doc. 14). The Court granted defendants' motion and gave defendants until April 18, 2018 to file an answer or otherwise respond to the complaint. (*See* Doc. 15). These defendants have demonstrated their intent to defend this action, and default judgment should not be entered against them.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for default judgment (Doc. 11) be **DENIED**.

Date: 4/18/18

Karen L. Litkovitz
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KELVIN LOVETT,
Plaintiff,

vs.

JEREMY EACHES, et al.,
Defendants.

Case No. 1:17-cv-757
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).