UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
Plaintiff,

Case No. 1:17-cv-757
Black, J.
Litkovitz, M.J.

vs.

JEREMY EACHES, et al.,
Defendants.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution, brings this pro se action under 42 U.S.C. § 1983 alleging violations of his civil rights while he was incarcerated at the Southern Ohio Correctional Facility (SOCF). Plaintiff brings claims against C/O Robertson, Jeremy Eaches, C/O Fri, C/O Cooper, Sgt. J. Chinn and two John Doe defendants. This matter is before the Court on plaintiff's motion to require defendants to provide defendant Michael Robertson's address *in camera* ("Motion in Opposition"). (Doc. 16). The motion is unopposed.

The Court ordered the United States Marshal to serve defendants with the summons and complaint on January 5, 2018. (Doc. 6). Summons were returned executed as to defendants Chinn, Cooper, Eaches and Fri on April 9, 2018. (Doc. 18). These defendants filed an answer to the complaint on April 18, 2018. (Doc. 20). Summons were return unexecuted as to defendant Robertson on April 9, 2018, with a letter from the Ohio Department of Rehabilitation and Correction stating that Robertson was no longer employed at SOCF. (Doc. 17). Robertson has not yet been served.

By his "Motion in Opposition," plaintiff seeks a court order requiring production of defendant Robertson's address *in camera* so that plaintiff can perfect service on him. (Doc. 16).

Plaintiff also renews his request for default judgment against defendants.[1]

Under Fed. R. Civ. P. 4, plaintiff is responsible for having the summons and complaint served upon defendant within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Where, as here, plaintiff is a pro se prisoner proceeding *in forma pauperis*, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Plaintiff took "reasonable steps" to identify defendant Robertson so as to facilitate service. (*See* Doc. 9). The record shows that the United States Marshal's Service attempted to serve defendant Robertson at SOCF at the address provided by plaintiff. (Doc. 17). The summons were returned unexecuted on April 9, 2018, for the reason defendant Robertson is no longer employed at SOCF. (*Id.*). Because of the inherent security concerns with disclosing a prison employee's home or other personal address to a prison inmate, plaintiff is not entitled to information concerning defendant Robertson's current address. Thus, the undersigned will grant plaintiff's motion insofar as plaintiff seeks a court order regarding the disclosure of defendant Robertson's address. The Court will require the Ohio Attorney General to submit to the Clerk *under seal* a current address for defendant Robertson in order to facilitate service on him. Upon receipt of a new address, the Court will direct the United States Marshal's Service to re-serve defendant Robertson with process.

---

[1] The undersigned issued a Report and Recommendation on plaintiff's prior request for default judgment against all defendants on April 18, 2018. (Doc. 19). The Report and Recommendation, which recommended that default judgment be denied, is pending before the District Judge. Plaintiff's renewed request for default judgment, which predates the Report and Recommendation and adds nothing to his prior motion, is therefore moot.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's request for default judgment (Doc. 16) be **DENIED** as moot.

## IT IS THEREFORE ORDERED THAT:

The Ohio Attorney General shall submit *under seal* to the Clerk of Court, within **fourteen (14) days** of the date of this Order, a current address where defendant Michael Robertson may be served with process. The Ohio Attorney General shall file a notice of compliance with the Court after he has fulfilled this requirement.

The Clerk is **DIRECTED** not to post defendant Robertson's address on the public docket and to redact any documents submitted for filing that bear defendant Robertson's address. Further, the Clerk is **DIRECTED** to ensure service upon defendant Robertson of all documents filed by plaintiff. The Clerk shall mail any documents filed by plaintiff to defendant Robertson at the address provided by the Ohio Attorney General, which shall be kept under seal.

Date: 5/3/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

JEREMY EACHES, et al.,
    Defendants.

Case No. 1:17-cv-757
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).