# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KELVIN LOVETT,
Plaintiff,

vs.

JEREMY EACHES, et al.,
Defendants.

Case No. 1:17-cv-757
Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Toledo Correctional Institution, brings this pro se action under 42 U.S.C. § 1983 claiming violations of his civil rights. This matter is before the Court on plaintiff's motion for appointment of counsel (Doc. 27), defendants' response in opposition (Doc. 28), and plaintiff's reply (Doc. 30) and on plaintiff's motion to compel discovery/motion to appoint counsel (Doc. 29), defendants' response in opposition (Doc. 31), and plaintiff's reply (Doc. 32).

*I. Motions to appoint counsel*

Plaintiff renews his prior motion for appointment of counsel. (Doc. 8). Plaintiff alleges this action involves an assault by several corrections officers and deliberate indifference by supervising officers, and he believes the "top Central Office" and the Attorney General's Office are complicit in a corrupt scheme to tolerate repeated assaults of this nature. (Doc. 27 at 2-3). Plaintiff indicates that evidence of this scheme can be discovered only through civil lawsuits, but most inmates lack the education necessary to hold an abusive corrections officer accountable. Plaintiff argues there are extraordinary circumstances that favor appointing counsel here because defendants' counsel has refused to release the personnel files of the corrections officers named as defendants in this lawsuit to plaintiff. Plaintiff believes the personnel files are relevant because they will show that defendant Robertson was fired for either transporting drugs or assaulting

another inmate, and that the other defendants are "h[a]bit[u]ally bad actors" who are involved in many "corrupt actions." (*Id.* at 3).

Plaintiff also contends that he needs the assistance of counsel because defendants have failed to maintain and to release video and audio recordings of the alleged assault that are relevant to the lawsuit and that defendants had a duty to maintain. (Doc. 29). Plaintiff acknowledges he was permitted to view the video from the date of the alleged assault on June 5, 2018, but he claims not all of the relevant video recordings were forwarded and the videos that he did observe were "largely tampered with." (*Id.* at 3). Plaintiff alleges that the "video repeatedly skips forward to try to conceal the repeated foul acts. . . ." (*Id.*) Plaintiff also alleges that defendants have not produced "audio from the Use of Force Interview that has also likely been spoiled." (*Id.* at 4). Plaintiff contends the audio and video recordings were subpoenaed by counsel who was appointed to represent him in another lawsuit he filed in this Court, *Lovett v. Barney*, Case No. 15-cv-0024, Doc. 151.[1]

Defendants oppose plaintiff's motions for appointment of counsel. (Docs. 28, 31). They contend that plaintiff's allegations of corruption and a grand scheme among defendants and counsel are unfounded. They also assert that plaintiff has shown he is capable of presenting his claims, filing motions, and citing applicable law. Further, they allege plaintiff is not indigent and therefore may obtain counsel at his own expense. (Doc. 28 at 2-3, citing Doc. 2). In addition, defendants assert that plaintiff has not supported his generalized allegations of spoliation of evidence. They contend that plaintiff admits he viewed the available video of the incident; there is no factual basis for his claim that unidentified individuals deleted portions of the video; there is no evidence that the video plaintiff viewed has been tampered with; and defendants have

---

[1] The parties reached a settlement and the case was dismissed two weeks after the motion was filed. (Doc. 154).

2

informed plaintiff that he would be given an opportunity to inspect the audio recording from the use of force interview. (Doc. 31; *see* Exh. C, p. 5, Response to Request No. 3; Exh. D). Plaintiff alleges in reply that the funds he has in his account are not sufficient to retain counsel, and defendants' counsel has refused to give him copies of defendants' personnel files because he is an inmate.

Plaintiff previously moved the Court to appoint counsel for him in this matter. (Doc. 8). As explained in the Court's Order denying plaintiff's motion (Doc. 12), the appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). As of March 2018, the Court found there did not appear to be exceptional circumstances that would warrant appointing counsel for plaintiff prior to the case proceeding to trial. (Doc. 12). Plaintiff has not shown that circumstances have changed since the Court's prior Order so as to justify the appointment of counsel at this time. Plaintiff's allegations of corruption and spoliation of evidence in his motion are unsupported. Therefore, plaintiff's motions for appointment of counsel are denied.

*II. Motion to compel*

Plaintiff moves the Court for an order under Fed. R. Civ. P. 37(a) compelling defendants to produce for inspection and copying documents in response to plaintiff's First Request for Production of Documents. (Doc. 29; *see* Exh A). Plaintiff states he submitted a written request for these documents under Fed. R. Civ. P. 26 and 34 on April 24, 2018. Plaintiff alleges that counsel will not allow him to inspect the documents he requested. He asserts that defendants have instead sent him 50 pages "of mostly useless documents" and a bill for copying costs in order to obtain the remaining 218 pages. (Doc. 29 at 3). Plaintiff alleges he should not be

3

required to pay for copies of useless documents in order to weed out and find the relevant documents he needs. Plaintiff requests an order under Fed. R. Civ. P. 37(e) requiring defendants to pay him $500.00 as reasonable expenses for obtaining a Court order for the discovery.

In response, defendants state that they received plaintiff's document request on April 27, 2018. (Doc. 31 at 2; Exh. A). After requesting an extension of time, defendants responded through counsel by sending plaintiff a letter informing him that 268 documents had been compiled in response to his request; as plaintiff had previously been advised, the Ohio Attorney General's Office, in conjunction with the Ohio Department of Rehabilitation and Correction, charges $.05 per page for copies where a request exceeds 50 pages; and the first 50 pages of copies are free and were attached to the letter. (Doc. 31, Exh. B). The letter advised plaintiff that the charge for the remaining 218 pages of his document request was $10.90, and those copies would be mailed to plaintiff once he submitted a cash slip for that amount. (*Id.*). Defendants also attached their responses to the discovery request to the letter. (Doc. 31, Exh. C). Defendants allege they have thus complied with their obligations under the federal discovery rules. They also contend that even if plaintiff were indigent, which is not the case, he would not be entitled to free copies and discovery.

Defendants do not have a constitutional or statutory obligation to cover the costs of plaintiff's discovery efforts. Neither a defendant nor the government is required to pay for an indigent prisoner's discovery efforts in a civil suit. *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) (citing *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) (finding no constitutional or statutory obligation to waive an indigent prisoner's discovery costs)). *See also Hendricks v. Ohio Dept. of Rehab. and Correction*, No. 2:11-cv-40, 2011 WL 3652423, at *10 (S.D. Ohio Aug. 18, 2011) (there is no constitutional or statutory requirement that the

government or the defendant pay for an indigent prisoner's discovery efforts), *on reconsideration in part*, 2011 WL 6019844 (S.D. Ohio Nov. 30, 2011). Plaintiff must pay for his own discovery costs. *Hendricks*, 2011 WL 3652423, at *10 (citing *Rittner v. Thrower*, Case No. 2:06-cv-471, 2007 WL 756704 (S.D. Ohio March 8, 2007)). Plaintiff's motion to compel defendants to provide copies of documents he has requested in discovery at no charge to him is denied.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's motion for appointment of counsel (Doc. 27) is **DENIED**.

2. Plaintiff's motion to compel/motion for appointment of counsel (Doc. 29) is **DENIED**.

Date: 8/20/18

Karen L. Litkovitz
United States Magistrate Judge