# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KELVIN LOVETT,<br>Plaintiff, | Case No. 1:17-cv-757<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| JEREMY EACHES, et al.,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Toledo Correctional Institution, brings this pro se action under 42 U.S.C. § 1983 claiming violations of his civil rights. This matter is before the Court on plaintiff's motion to compel (Doc. 36), motion to withdraw his motion to compel (Doc. 40), motions to amend/correct complaint (Docs. 40, 41, 46), motion for leave to proceed *in forma pauperis* (Doc. 43), and motion for appointment of counsel (Doc. 44), which defendants oppose (Doc. 47), and on defendants' motion for leave to depose plaintiff (Doc. 39), which plaintiff opposes (Doc. 45).

*I. Motion to appoint counsel*

Plaintiff has filed his fourth motion for appointment of counsel in this matter. (Doc. 44; *see* Docs. 8, 27, 29). Plaintiff alleges that extraordinary circumstances exist here which justify the appointment of counsel. Plaintiff contends there is physical evidence that lends credibility to his claims, and he requests that counsel be appointed to represent him in this lawsuit and at his deposition. Defendants oppose plaintiff's request, stating this is plaintiff's fourth motion for appointment of counsel; plaintiff is an experienced litigant who has previously represented himself in several pro se lawsuits filed in this Court; and this case is not complex and does not involve extraordinary circumstances. (Doc. 47). In accordance with the law and for the reasons set forth in the Court's prior Orders denying plaintiff's motions to appoint counsel, plaintiff's

motion for appointment of counsel (Doc. 44) is denied.

*II. Defendants' motion to depose plaintiff*

Defendants seek leave of Court to take plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(B), which requires a party to obtain leave of court to depose an individual who is confined in prison. (Doc. 39). Plaintiff opposes defendants' motion if counsel is not appointed to represent him. (Doc. 45). Plaintiff argues that defendants should not be permitted to depose him because his claim is colorable and there is clear evidence to support it. These are not valid grounds to deny defendants leave to depose plaintiff. The Court must grant defendants leave to depose plaintiff to the extent consistent with Fed. R. Civ. P. 26(b)(1) and (2), which permit discovery on any non-privileged, relevant matter. Fed. R. Civ. P. 30(a)(2). In accordance with the governing rules, defendants' motion to depose plaintiff (Doc. 39) is granted.

*III. Motions to amend the complaint*

Plaintiff filed this action on November 9, 2017. (Doc. 1). Plaintiff alleges in the complaint that defendants undertook a "concert of harassment" against him on February 11, 2017, while he was an inmate at the Southern Ohio Correctional Facility (SOCF). Plaintiff alleges that defendant John Doe 1 placed his hands down plaintiff's pants while patting him down at the metal detector and instructed plaintiff to bend over to pick items off the floor while standing very close behind plaintiff. Plaintiff also alleges that defendants John Doe 1 and 2 shortly thereafter stopped him again and strip searched him. Plaintiff alleges that when he returned to his cell, defendant Robertson was throwing his property around and told plaintiff to keep quiet at the metal detector. Plaintiff claims that after he requested a supervisor to report the damage to his property, defendants Robertson, Cooper, Fri, Chinn and Lt. Eaches attacked him. He alleges that Eaches and Chinn threatened to kill him and used racial slurs against him during

2

and back approximately 40 times and sprayed in the face at point-blank range with pepper spray; and he lost consciousness before Eaches and Fri woke him up and warned him not to "make a big deal" out of the incident or they would kill him. Plaintiff alleges that defendants John Doe 2 and 3 reported that plaintiff had assaulted Robertson, which plaintiff denied. Plaintiff claims he was subsequently taken to the Pike Medical Center Emergency Room where he had a CT scan, received five or six stiches to his face, and was placed on observation due to swelling. Plaintiff alleges that defendant Captain Bell subsequently interviewed him in March 2017 and wrote a fraudulent conduct report against him after falsely concluding that plaintiff had punched or spit on Robertson.

On January 5, 2018, plaintiff was granted leave to proceed *in forma pauperis* on his Eighth Amendment claims for use of excessive force against defendants Robertson, Cooper, Fri, Chinn and Eaches and his Fourth Amendment claims against John Does 1 and 2. (Doc. 6). The undersigned recommended dismissal of the following claims for failure to allege a constitutional violation: (1) the claim against Bell for failing to conduct an adequate investigation and writing a false conduct report against plaintiff; (2) the claim against John Doe 3, who allegedly told plaintiff to go into the shower, where plaintiff was secured while his cell was searched; and (3) the claims for deliberate indifference to plaintiff's medical needs against the Jane Doe nurses and doctors.[1]

Plaintiff filed three motions to amend the complaint in September 2018. (Docs. 40, 41, 46). Plaintiff seeks leave to add "John Doe" C/O Denny as a defendant; to add "at least 25 John [and Jane] Doe C/O's" who responded to the alleged excessive force incident but did not write an incident report indicating they saw plaintiff being punched, choked or kicked by co-workers;

---

[1] The Report and Recommendation is pending before the District Judge.

3

and to request additional compensatory and punitive damages of $750,000 against defendants. Plaintiff alleges that the video footage he was permitted to first view on August 30, 2018 clearly shows "John Doe" defendant C/O Denny punching plaintiff in the face seven times or striking plaintiff while plaintiff was lying on his stomach. (Docs. 40, 41). Plaintiff alleges that defendant "John Doe (2)" can be seen in the video kicking plaintiff in the head. (Doc. 41). Plaintiff alleges that defendant Robertson can also clearly be seen striking plaintiff in the back of his head and neck and choking plaintiff "with an illegal choke-hold." (*Id.*). Plaintiff alleges that other unidentified officers can be seen on the surveillance video footage. (*Id.*). Plaintiff alleges that several C/O's responded to the incident, and though every cell block is under video surveillance, no responding John Doe defendant "said/write [sic] any incident report that says how they saw me being punched, choked or kicked by co-workers." (*Id.*). Plaintiff alleges that these officers' conduct is "just as bad as the person attacking while I was subdued" and constitutes deliberate indifference to his safety. (*Id.*). Plaintiff requests leave to amend the complaint to add at least 25 "John Doe" defendants who allegedly can be seen in the video surveillance footage and who he will attempt to identify through discovery. (*Id.*).

On September 14, 2018, plaintiff filed a motion to amend the complaint to identify the John/Jane Doe defendants as Charles O'Conner, Carles Lewis, John Thornhill, Travis Tackett, Kristal Little, Archie Swords, David Hay, Dustin L. Jones, John Buckler, Joshua Leesburg, John McCoy and S. Bennet. (Doc. 46). Plaintiff alleges these individuals, who he asserts were identified through video surveillance or Use of Force Committee statements, either "did witness and/or acted in the excessive force" that resulted in injuries to him. He alleges if the individuals did not act directly by physically assaulting him, then they exhibited deliberate indifference. Plaintiff also asserts that Leesburg and Bennet are the John Doe defendants who "sexually

4

assault[ed]" him at the metal detector at the beginning of the concerted sexual harassment. He moves for leave to amend the complaint to add these individuals as defendants. Plaintiff requests that the current defendants be required to produce video footage and color photographs to support his motion to amend.

The granting or denial of a motion to amend under Rule 15(a) is within the discretion of the trial court. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend should be liberally granted. *Id.* "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Court denies plaintiff's request to require defendants to submit video footage and color photographs to the Court in support of plaintiff's motion to amend. Video footage and photographs may be relevant to plaintiff's claims, but this evidence cannot be considered in determining whether plaintiff should be granted leave to amend the complaint to add previously unidentified defendants.

Plaintiff's motion for leave to amend the complaint is granted insofar as plaintiff seeks leave to (1) add Joshua Leesburg and S. Bennet as defendants in place of defendants John Does 1 and 2, and (2) add C/O Denny as a defendant. Plaintiff has made specific allegations against

these defendants. Thus, amendment of the complaint to add these defendants would not be futile.

Plaintiff's request for leave to amend the complaint should be denied insofar as plaintiff seeks leave to add O'Conner, Lewis, Thornhill, Tackett, Little, Swords, Hay, Jones, Buckler, and McCoy as defendants. (Docs. 41, 46). Plaintiff only generally claims that these individuals were either directly involved in the alleged physical assault or, if not directly involved, that they were deliberately indifferent to his safety. Plaintiff does not include any specific factual allegations in the motion to amend to support a claim that each of these individuals acted, or failed to act, with deliberate indifference to plaintiff's safety and that he was harmed as a result of the individual's actions. Plaintiff's vague and conclusory allegations are insufficient to support an inference that these individuals are liable for the alleged violation of plaintiff's Eighth Amendment rights. *See Iqbal*, 556 U.S. at 678. Because plaintiff has not alleged facts which permit a reasonable inference that these individuals violated his Eighth Amendment or other constitutional rights, plaintiff's motion for leave to add these parties to the complaint should be denied on the ground the proposed amendment would be futile.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motions for leave to amend the complaint (Docs. 41, 46) be **DENIED** in part insofar as plaintiff seeks to add O'Conner, Lewis, Thornhill, Tackett, Little, Swords, Hay, Jones, Buckler, and McCoy as defendants in place of the John/Jane Doe defendants.

## IT IS THEREFORE ORDERED THAT:

1. Defendants' motion for leave to depose plaintiff (Doc. 39) is **GRANTED** under the terms and conditions set by the Superintendent of the Ohio Penal Institution at which plaintiff is incarcerated, *see* Fed. R. Civ. P. 30(a)(2)(B), and on the following conditions:

6

i. Plaintiff be provided reasonable notice, at least ten (10) days in advance of the deposition, of the time and place for taking the deposition. Fed. R. Civ. P. 30(b)(1);

ii. The appropriate institution be given at least ten (10) day's advance notice of the deposition;

iii. All aspects of the deposition must be transcribed and no discussions off the record may take place;

iv. Plaintiff may object to any question; however, he must then answer the question. If his objection is valid, it will later be sustained by the Court and his answer stricken; and

v. All questioning must be conducted in a courteous and professional manner reflecting the atmosphere of a courtroom.

2. Plaintiff's motion to withdraw his motion to compel (Doc. 40) is **GRANTED**. Plaintiff's motion to compel (Doc. 36) is **DENIED** as moot.

3. Plaintiff's motion for appointment of counsel (Doc. 44) is **DENIED**.

4. Plaintiff's motion to amend the complaint to add C/O Denny as a defendant (Doc. 40) is **GRANTED**. Plaintiff's motions to amend the complaint to add named defendants in place of the John Doe defendants (Docs. 41, 46) are **GRANTED** in part. Plaintiff is granted leave to add Joshua Leesburg and S. Bennet as defendants. Plaintiff shall have **thirty (30) days** from the date of this Order to submit an amended complaint that adds C/O Denny, Leesburg and Bennet as defendants and to submit completed summons and United States Marshal Service Forms for service of process on each of these three defendants to the Clerk of Court for the Southern District of Ohio.

5. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 43) is **DENIED** as moot.

Date: 10/11/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KELVIN LOVETT,
    Plaintiff,

vs.

JEREMY EACHES, et al.,
    Defendants.

Case No. 1:17-cv-757
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).